IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.
NOV - 9 2011
U.S. DISTRICT COURT
W. DIST. OF N.C.

TODD WILSON SHORT

Plaintiff,

vs.

STEVEN D. COGBURN individually and as Clerk of Superior Court of the North Carolina Unified Court System; TAMMY C. CASE, individually and as Assistant Clerk of Superior Court of the North Carolina Unified Court System; SUSAN D. SMITH, individually and as Assistant Clerk of Superior Court of the North Carolina Unified Court System; JOHN DOE I, individually and an agent of the state of North Carolina; JOHN DOE II, individually and an agent of the state of North Carolina; JOHN DOE III, individually and an agent of the state of North Carolina,

Defendants.

COMPLAINT
CIVIL RIGHTS ACT
(42 U.S.C. § 1983)

JURY TRIAL REQUESTED

Case No: 1:11cv304

---

Plaintiff Todd Wilson Short as for his Complaint against the above-named defendants alleges the civil rights of the plaintiff were and continue to be violated by the above named defendants. Plaintiff sets forth the following in support of his Complaint:

**Preliminary Statement**

1. North Carolina General Statue 35A governs the laws associated with incompetency and guardianship matters. The questions raised in this Complaint is whether court officials and/or others acting in accordance with duties assigned to them by statue. Have an inherent and/or an immune right in the performance of their official duties to be permitted intentionally to violate the rights of an individual guaranteed to

him or her under the Constitutional of the United States, simply because that individual has been adjudicated incompetent by the State of North Carolina Unified Court System.

## Jurisdiction

2. This action is brought, in part, pursuant to 42 U.S.C. Sections 1983, 1985, 1986 and the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution to redress the deprivation of rights secured to the plaintiff. Jurisdiction of this Court is founded upon 28 U.S.C. Sections 1331, 1367(a), 2201 and 2202.

## Parties

3. Plaintiff, Todd Wilson Short, hereinafter referred to as "Short", is a citizen of the United States with a residence located in the City of Asheville, Buncombe County, North Carolina.

4. Defendant, Steven D. Cogburn, hereinafter "Cogburn", is the Clerk of Superior Court in the General Court of Justice, part of the North Carolina Unified Court System. As relevant to this Complaint, he has charge over four main areas with the State Court to where he is assigned; (1) he acts as probate judge; (2) record keeper; (3) administrator; and (4) comptroller. His principal place of business is found in the City of Asheville, North Carolina, which address is 60 Court Plaza, Asheville, North Carolina 28801.

5. At all times relevant to this Complaint the defendant was acting under the authority or color of state law in administering his duties granted unto him by the State of North Carolina.

6. Defendant, Tammy C. Case, hereinafter "Case", is the Assistant Clerk of Superior Court in the General Court of Justice, part of the North Carolina Unified Court System. As relevant to this Complaint, she has charge over the Estate Division in the General Court of Justice in Buncombe County and is responsible for administering the probate of wills, administration of estates of decedents, minors and incompetents. She also hears a variety of special proceedings such as adoptions, incompetency. Her principal place of

business is found in the City of Asheville, North Carolina, which address is 60 Court Plaza, Asheville, North Carolina 28801.

7. At all times relevant to this Complaint the defendant was acting under the authority or color of state law in administering his duties granted unto him by the State of North Carolina.

8. Defendant, Susan D. Smith, hereinafter "Smith", is the Assistant Clerk of Superior Court in the General Court of Justice, part of the North Carolina Unified Court System. As relevant to this Complaint, she has charge over the Estate Division in the General Court of Justice in Buncombe County and is responsible for administering the probate of wills, administration of estates of decedents, minors and incompetents. She also hears a variety of special proceedings such as adoptions, incompetency. Her principal place of business is found in the City of Asheville, North Carolina, which address is 60 Court Plaza, Asheville, North Carolina 28801.

9. At all times relevant to this Complaint the defendant was acting under the authority or color of state law in administering his duties granted unto him by the State of North Carolina.

10. Defendant, John Doe I, II, and III, hereinafter "Does", were agents of the State Court appointed to assist in the administering of guardianship duties in accordance with North Carolina General Statue 35A, under the direct supervision of the Clerk of Superior Court, in the General Court of Justice, part of the North Carolina Unified Court System. There principal place of business is found in the City of Asheville, whose addressed are unknown at this time.

11. At all times relevant to this Complaint the defendants Doe, I, II, and III was acting under the authority or color of state law in administering their duties granted unto them by the State of North Carolina.

## **Nature of Case**

12. On December 19, 2002, or thereabouts, the General Court of Justice Superior Court Division, located in Buncombe County, part of the North Carolina Unified Court System, hereinafter "State Court", adjudicated the Todd Wilson Short incompetent pursuant to North Carolina General Statue 35A. The adjudication of incompetency stripped Short of his right to life, liberty and property, and assigned the rights to his guardians.

13. Short, pursuant to North Carolina General Statue § 35A-1115 timely appealed the Court's ruling adjudicating him incompetent, file number: 3CV00162, within the State Court.

14. Pursuant to this statue, the Court's ruling shall be heard by the superior court for hearing de novo and thence to the Court of Appeals. However, Short's appeal was disregarding by the clerk's office, never forwarded to the superior court and just placed in Short's guardianship file number: 02SP524, within the State Court. As of the filing of this Complaint, this appeal has never received a ruling, thus denying Short his right to due process and thus preventing Short his right to challenge his adjudication of incompetency with the North Carolina Court of Appeal.

15. There was must controversy surrounding Short at the time he was adjudicated incompetent. Short at the time was under investigation by the Department of Justice for possible mail and wire fraud allegations.

16. In May 2003, the Federal Bureau of Investigations on charges of mail and wire fraud arrested Short and approximately two years later, Short was convicted of these charges after entering into a plea agreement with the United States of America. Short was sentenced in the United States District Court, for the Western District of North Carolina to 120 months of incarceration.

17. From May 2003 to November 2010, Short who was still deemed incompetent by the State Court was still to have been afforded the protection from the State Court pursuant to North Carolina General Statue 35A. Yet, Short alleged from as early as January 2003, that those who were to protect his best interest where in fact engaging in unlawful conduct, which was not in accordance with North Carolina General Statue 35A and which was malicious.

18. During this time Short alleged that former Clerk of Superior Court, Richard Schumacher, in concert with David E. Matney III, legal counsel to Lawrence E. Thompson III, Short's general guardian at the time, intentionally and unlawfully deposed of approximately $250K worth of Short's assets.

19. During his incarceration, Short attempted to address issues, which he felt, were questionable in reference to his guardianship. Short not only attempted to address these concerns directly with the State Court, but also with his appointed guardian (s). Short also attempted to has his competency restored while incarcerated. Short has always maintained he was never incompetent. However, the State Court refused to restore Short competency claiming such could only be done by hearing of which Short was required by law to attend.

20. On or about November 16, 2010, Short was released from federal custody and immediately moved the State Court of North Carolina for restoration of his competency.

21. On or about January 27, 2011, the State Court held a hearing on Short's petition for restoration of his competency. Though Short adamantly disagreed with the State Court that Short had to wait one year from his release date from federal custody before he could seek full restoration of his competency. Short nevertheless when allow with the State Courts ruling changing Short's guardianship to a limited guardianship.

22. Short immediately attempted to force the State Court to address his allegations that the former assistant clerk of court in concert with Short's former general guardian, a co-guardian of the estate had engaged in unlawful activity in connection with Short's

guardianship, including but not limited to the intentional mismanagement of a significant amount of Short's assets.

23. Short also questioned the State Court while if they were going to deprive Short of his constitutional rights afford to all others, why the State Court was not at least requiring Short guardian to adhere to their duties in accordance with North Carolina General Statue 35A.

24. When the State Court refused to address Short's allegation that the former assistant clerk of court and former guardians had unlawfully mismanaged his estate, which thereby cause significant monetary damages to Short. Short then question why the State Court was at least not requiring his current guardian to adhere to statue, or to perform any duties they were required by statue to perform on Short's behalf.

25. Since the State Court refused to adhere to statue, refused to address concerns raised by Short, and refused to require Short's guardian to perform their duties. Short immediately began to challenge whether his adjudication of incompetency was even valid, and whether the State Court had a legal right to deny Short his right to proceed with a full restoration hearing, which was needed so Short could regain his right to protect his interest, which was being deprived by the State Court's actions.

26. The State Court was clearly in an adversarial position with Short and did everything within its power to continue to deprive Short of his constitutional rights.

27. The State Court, who order Short to undergo a Multi-Disciplinary Evaluation at Short's request in November 2010 where informed of the medical opinion of psychologists who conducted the evaluation in February 2011 that strongly suggested Short was not incompetent.

28. The State Court had a duty to proceed on their own to proceed immediately to restore Short's competency and thereby restoring Short's rights to life, liberty, and property, yet they refused to do so.

29. In September 2011, after Short was adamant about the State Court appointing Short a guardian of the estate who would be the proper person to address whether Short's estate had been damaged by the former assistant clerk or court and Short's former general guardian and co-guardian of the estate. The State Court finally appointed attorney Victor Garlock, guardian of the estate for Short, and requested he examine whether Short's allegations had merit.

30. On October 6, 2011, Mr. Garlock issued a letter to the State Court which stated in part;

> *"Mr. Short maintains that the prior guardians of his estate misappropriated or failed to properly safeguard significant amounts of his personal property. He also claims that the Clerk of Court failed to properly supervise his prior guardians, which failure contributed to his losses. Mr. Short has provided me with detailed information in support of his claim.*
>
> *Based upon the information available, it is my opinion that Mr. Short has a potential claim for damages resulting from his loss of personal property".*

31. Upon information and belief, the defendants named in this Complaint had used the State Court conspiratorially to continue to deprive Short of his constitutional rights to life, liberty, and property. However, the defendants have now taken it one-step further by systematically putting into place roadblock to prevent Short his right to due process to address these matters to a higher court, including but not limited to a Superior Court judge, and thereby further depriving him of his constitutional rights.

32. Short has never been incompetent in relation to this guardianship, and even this Court ruled on such in 2003. Short acknowledges he does have some severe mental health issues, but such challenges do not interfere with his understanding that actions have consequences even his own; nothing has been put before the State Court that truly subject Short is in incompetent as defined by North Carolina General Statue 35A.

33. Defendants Cogburn, Case and Smith from October 1 to November 1, 2011, knew the plaintiff was or had filed motions challenging the Clerk's office regarding the adversarial actions the all defendants had engaged in.

34. Defendant Cogburn, Case and Smith knowing this, purposely allowed the plaintiff to file such motion, and pay the associated fees for filing these motions, knowing that Defendant Cogburn, Case and Smith had no intentions of acting upon or ruling on these motions, because they knew by doing so would permit the plaintiff to appeal any such erroneous ruling.

35. On November 2, 2011, plaintiff attempted to file a motion to compel the clerk's office to rule and pending motions before the court, and/or to enter an order as to why the plaintiff was not permitted to file any pleadings or motions.

36. On this day while the plaintiff was in the clerk's office defendant Cogburn in a hostile manner told the plaintiff he was not going to be permitted to file any additional motions and/or pleadings. Defendant want on to forbid the plaintiff from stepping foot in the courthouse form that day forth, all of this occurred in front of several staff members of the court and in open public.

37. Clearly, defendant Cogburn intentions were to intimidate the plaintiff and deny the plaintiff's right to access to the court.

38. Upon information and belief, Short's adjudication of incompetency was perpetrated for the sole purpose of restricting his movement within the legal system at the time, to restrict him from access to monies and property at the time, and to aid in his prosecution at the time.

39. Short paid his debt to society through a lengthy incarceration and continues to pay his debt to society through probation and restitution and other special conditions imposed on him by this Court. For the defendants to deny Short his rights afforded to him not only but North Carolina statue, but also the North Carolina Constitution, as well as the United States Constitution is appalling. Laws that are in place are no there for one particular class of individuals. They are to be adhered to by everyone, regardless of one's position, wealth, or stature in society and the defendants should not be allowed to hide behind the claim of juridical immunity.

40. The Plaintiff has done everything within his power to address the grievous nature of what is occurring with the State Court by the defendants, but has no other recourse but to file this Complaint with the federal court, to address these violations of his constitutional rights.

## Cause of Action

41. Plaintiff alleges his constitutional rights, privileges or immunities have been violated, and continue to be violated by the defendants.

## FIRST CAUSE OF ACTION
**(Substantive Due Process)**

42. Plaintiff repeat and re-allege all of the paragraphs of this pleading against all defendants engaged in a conspiracy of unlawful acts and engaged in acts of psychological torture over the last ten months against the plaintiff who was merely attempting to excise his Constitutional rights.

43. Each of the defendants systematically destroyed the plaintiff's right to due process by their unlawful actions, which thereby continued to deprive the plaintiff of his right to life, liberty, and property.

44. Defendants Cogburn, Case and Smith circumvented the laws as they saw fit. Laws there are to be applied equally to everyone, not just some people.

45. Each of the defendants willfully and intentionally showed bias towards the plaintiff, applying the laws in an unlawful or malleolus manner, thereby denying the plaintiff any right to due process.

46. By reason of the foregoing, plaintiff is entitled to an award of compensatory dames in the amount of Twenty Five Million Dollars ($25,000,000), and award of punitive damages in an amount to be determined by the court, attorney's fees pursuant to 42 U.S.C. section 1988 (should the plaintiff retain counsel) and the cost of prosecuting

this action. Declaratory and injunctive relief are also sought to remedy the neglect and discriminatory practices and increasingly fraudulent conduct of the defendants purporting to act in the "best interest" of the plaintiff.

## SECOND CAUSE OF ACTION
**(Procedural Due Process)**

47. Plaintiff repeat and re-allege all of the paragraphs of this pleading against all defendants that the defendants have all exceeded the scope of authority as an impartial administrator of the State Court's business by promoting personal views, vague and abusive standards of circumventing the law for their own personal benefit.

48. The defendant's widespread misconduct throughout this guardianship while they were actors clearly demonstrates they facilitated a scheme with the sole purpose to deprive the plaintiff of his interest in life, liberty, and property.

49. Each of the defendants abused their position of trust, power and duties afforded to them by North Carolina Statues to retaliate against the plaintiff while claiming the guise of acting in the "best interest" of the plaintiff.

50. Each of the defendants purposely created in a conspiratorial manner an unfair procedural process in which the plaintiff was wrongful deprived of his interest in life, liberty, and property.

51. Most all the decisions made by the defendants were made on preponderance that because the plaintiff is incompetent he has no standing right to challenge such, or to address his grievances.

52. Upon information and belief the plaintiff believes that under North Carolina applied law, an incompetent person still has a meaningful right to address is validity of his adjudication of incompetency as well his right to access to the Courts to address any grievances he may have, especially if those appointed to protect his interest refuse to do so.

## THIRD CAUSE OF ACTION
**(Petition for Redress)**

53. Plaintiff repeat and re-allege all of the paragraphs of this pleading against all defendants that the defendants have individually or collectively impaired the plaintiff's rights under the last clause of the First Amendment to the United States Constitution. Such impairment has removed the plaintiff's protected interest in seeking relief to petition the government for redress of grievances, the right to make a complaint to, or seek the assistance of, and one's government, without fear of punishment or reprisals.

54. The defendants have fabricated statements to stigmatize the plaintiff with accusations that the plaintiff is attacking the State Court with frivolous pleadings.

55. Each of the defendants are unable to provide any supporting documents that support their allegation that the plaintiff is filing any frivolous pleadings and lack of such evidence, probable cause or orders to the affect.

56. The actions of the defendants or lack thereof clearly establishes the outrageous unlawful conduct they have and continue to engage in to suppress the plaintiff's rights to access to our courts.

## FOURTH CAUSE OF ACTION
**(Cruel and Unusual Punishment)**

57. Plaintiff repeats and re-alleges all of the paragraphs of this pleading against all defendants that their actions outlined in this Complaint account to cruel and unusual punishment.

58. Each of the defendants has acted as judge, jury, and executioner in decided what rights the plaintiff is entitled to again by circumventing the law.

## FIFTH CAUSE OF ACTION
## (Equal Protection)

59. Plaintiff repeats and re-alleges all of the paragraphs of this pleading against all defendants that they have willfully, and unlawfully, denied the plaintiff the same rights afforded to other individuals.

60. In addition, beginning is August 2011, defendant Case issued verbal standing orders to the other clerks of court that the plaintiff was not permitted to file any motions or pleadings, with the court.

61. Furthermore, on November 1, 2011, defendant Cogburn issued a verbal standing order for the clerk's office not to accept any more filings by the plaintiff and forbid the plaintiff from coming into the courthouse from that day forth. This was all done in the presents of several clerks and other employees and in public view.

62. Because of this retaliatory action by defendants Case and Cogburn, Short has been prevented from addressing his grievances with the court and has now been denied access to the courts by threat and intimidation that to do so by coming to the courthouse would subject the plaintiff to arrest.

## SIXTH CAUSE OF ACTION
## (State Law Abuse of Process and Emotional Distress)

63. Plaintiff repeat and re-allege all of the paragraphs of this pleading against all defendants that the discrimination cited throughout these pleadings violated the Fourteenth Amendment to the United States Constitution.

64. Examples are found in the actions and inactions of defendants Cogburn, Case, Smith, and Doe I, II, and III in their failure to provide the plaintiff the same right afforded to any other individual.

65. Defendants Cogburn, Case, Smith, John Doe, I, II, III, and unknown others have individual and collectively engaged in a malicious process for making false claims within the guardianship proceeding in a conspiratorial manner to prevent the plaintiff his right to have his competency restored forthwith.

66. Defendants Cogburn, Case, and Smith have refused to rule and/or enter orders on any pleadings or motions filed by the plaintiff or plaintiff's sister, listed as an interested party in the State Court proceeding, knowingly and willfully to prevent the plaintiff or plaintiff's sister from their right to appeal such ruling. Thereby defendants are circumventing the appeal process.

67. These actions or lack their off by all defendants has inducted an extreme emotional distress upon the plaintiff.

68. Additionally, the defendants have purposely participated in concert with one another in these acts of psychological torture by intentionally agitating the plaintiff's known emotional problems and mental condition.

## SEVENTH CAUSE OF ACTION
**(Declaratory/Injunctive Relief)**

69. Plaintiff seeks specific relief under 28U.S.C. Sections 1361, 2201 and 2202 declaring unconstitutional the above-described processes and an order permanently enjoining their continuation. Plaintiff further seeks an order declaring the actions of the defendants unconstitutional on as it applied to the case. The plaintiff also seeks an order transferring the plaintiff's motion for full restoration directly to the superior court for immediate resolution and/or an immediate order dissolving the plaintiff's order of adjudication of incompetency and/or an immediate ruling de novo on the original appeal.

## Injury

70. The Plaintiff has been denied his right to enjoy making his own decisions and continues to be denied this right today. The Plaintiff has been damaged in excess of

$250K by the mismanagement of prior guardians of the estate in concert with others acting on their behalf, including a former assistant clerk of superior court.

71. The defendants named in this Complaint know the plaintiff has a valid cause of actions against several individuals, one state agency and one former assistant clerk of court.

72. The defendants are merely trying to protect their friends and business associates to whom they know intentionally caused monetary damages to my estate by depriving me of my rights as long as they possible can even if that means violated the official duties and my constitutional rights.

73. The defendants can put before this Court no creditable evidence to support the plaintiff is incompetent, nor can they put before this Court any creditable evidence to support any allegations I have misused the court by filing frivolous pleadings.

74. If so, defendant Cogburn, Case and Smith would have entered an order preventing me from filing any pleading and/or motion.

75. In fact, the plaintiff sole intent to recover damages cause by former guardians and others who were involved in the unlawful disposing of the plaintiff's assets is so that the plaintiff can attempt to make amends to his victims in his prior criminal case before this Court.

## Previous Lawsuits and Administrative Relief

76. The Plaintiff has not filed other lawsuits in any state or federal court that deal with the same facts that are involved in this action.

## Request for Relief

**WHEREFORE**, plaintiff respectfully request judgment in this action as follows:

1. An order requiring the State Court to hold an immediate hearing as to the validity of the plaintiff's adjudication of incompetency order;

2. Compensatory damages of Twenty-Five Million Dollars ($25,000,000);

3. Punitive damages in an amount to be determined by the Court;

4. Declaratory relief determining rights of the plaintiff or others similarly situated with a finding of unconstitutionality to the processes implied by the Clerk's office in the State Court which prohibits plaintiff or others similarly situated from being able to address grievances with the court and through the court and appeal process;

5. A permanent injunction restraining the defendants from further action in the proceedings and processes applied against the plaintiff;

6. An award of attorney fees (if the plaintiff retains counsel) and litigation costs pursuant to 42 U.S.C. Section 1988; and

7. Such other relief as may be just and proper.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Dated: November 9, 2011.

**Todd Wilson Short, Pro se**
53 Grindstaff Drive
Asheville, North Carolina 28803
Telephone (828) 225-5928